UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 23  P 12: 07

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| PETER CROOKER<br>131 Ten Rod Road<br>North Kingstown, RI 02852<br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, a/k/a AMTRAK,<br>30th & Market Street<br>30th Street Station<br>Philadelphia, PA<br>    Defendant. | DOCKET NO: 05-CV-10301 RCL |

## ANSWER AND JURY DEMAND OF THE DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK

Now comes the defendant National Railroad Passenger Corporation a/k/a Amtrak ("AMTRAK") and responds to the plaintiff's allegations, paragraph by paragraph, as follows:

1. Amtrak is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Admitted.

3. Admitted.

### COUNT I

4. Amtrak restates, re-alleges and incorporates herein by reference its answers to the allegations set forth in paragraphs 1 through 3.

5. The allegations in this paragraph call for a conclusion of law to which no response is necessary.

1

6. The allegations in this paragraph call for a conclusion of law to which no response is necessary.

7. The allegations in this paragraph call for a conclusion of law to which no response is necessary.

8. Amtrak is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Amtrak denies the allegations in this paragraph.

10. Amtrak is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Amtrak denies that it violated any duty to the plaintiff. As to the remaining allegations of this paragraph, Amtrak is without knowledge or information sufficient to form a belief as to their veracity.

12. Amtrak denies that it violated any duty to the plaintiff. As to the remaining allegations of this paragraph, Amtrak is without knowledge or information sufficient to form a belief as to their veracity.

13. Amtrak denies that it violated any duty to the plaintiff. As to the remaining allegations of this paragraph, Amtrak is without knowledge or information sufficient to form a belief as to their veracity.

14. Amtrak denies that it violated any duty to the plaintiff. As to the remaining allegations of this paragraph, Amtrak is without knowledge or information sufficient to form a belief as to their veracity.

15. Amtrak denies that it violated any duty to the plaintiff. As to the remaining allegations of this paragraph, Amtrak is without knowledge or information sufficient to form a belief as to their veracity.

16. Amtrak denies that it violated any duty to the plaintiff. As to the remaining allegations of this paragraph, Amtrak is without knowledge or information sufficient to form a belief as to their veracity.

17. Amtrak denies that it violated any duty to the plaintiff. As to the remaining allegations of this paragraph, Amtrak is without knowledge or information sufficient to form a belief as to their vera city.

18. Amtrak denies that it violated any duty to the plaintiff. As to the remaining allegations of this paragraph, Amtrak is without knowledge or information sufficient to form a belief as to their veracity.

19. Amtrak denies that it violated any duty to the plaintiff. As to the remaining allegations of this paragraph, Amtrak is without knowledge or information sufficient to form a belief as to their veracity.

## **AFFIRMATIVE DEFENSES**

Answering plaintiff's complaint further, Amtrak asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

If the defendant was guilty of any negligence proximately causing plaintiff's injuries, which the defendant denies, then the plaintiff is guilty of negligence contributing

to cause his own injuries and damages and plaintiff's damages, if any, should be reduced according to the provisions of 45 U.S.C.A. 5, § 53.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim is barred because the plaintiff was guilty of negligence which was a contributing cause of his own injuries and which negligence was greater than the amount of negligence, if any, attributable to the defendant, or alternatively, the plaintiff's claim should be reduced by the plaintiff's own negligence.

FOURTH AFFIRMATIVE DEFENSE

The defendant's acts or omissions were not the proximate cause of plaintiff's injuries, but said injuries, if any, were caused by other intervening and superseding causes for which the defendant is not responsible.

FIFTH AFFIRMATIVE DEFENSE

The acts or omissions alleged in plaintiff's complaint were committed or omitted, if at all, by parties for whose conduct the defendant was not, and is not, legally responsible.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred for failure to mitigate the damages claimed, or alternatively, his damages, if any, are limited to the extent that the plaintiff has failed to mitigate them.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred for failing to join one or more indispensable parties.

EIGHTH AFFIRMATIVE DEFENSE

The defendant reserves the right to assert any further defenses which become available during the course of discovery.

WHEREFORE, the defendant Amtrak respectfully requests that this Court:

1. Deny the relief sought by the plaintiff in his Complaint and dismiss the Complaint with prejudice;

2. Award the defendant its reasonable costs and attorney's fees; and

3. Order such and other relief as the Court deems just and proper.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES RAISED IN THE COMPLAINT**

Respectfully Submitted,
National Railroad Passenger Corporation
a/k/a AMTRAK
By Its Attorney

Dated: 3-21-05

John J. Bonistalli (BBO#049120)
Thomas V. DiGangi (BBO # 648415)
Law Offices of John Bonistalli
One Financial Center
Boston, MA 02111
(617) 695-3755

### CERTIFICATE OF SERVICE

I, Thomas V. DiGangi, attorney for the defendant, AMTRAK, hereby certify that a true copy of the foregoing document was sent via first class mail, postage prepaid, this 21 day of MARCH, 2005 to: William L. Myers, Jr., Esq. Myers Lafferty Law Offices, 1515 Market Street, Suite 1310, Philadelphia, PA 19102; Mario Rozza, Esq., 63 Commercial Wharf, Boston, MA 02110.

Thomas V. DiGangi