IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER CROOKER, :
:
      Plaintiff, : Civil Action No: 05-10301RCL
:
v. :
:
NATIONAL RAILROAD PASSENGER :
PASSENGER CORPORATION, a/k/a :
AMTRAK, :
:
      Defendant. :

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1 (D)

Plaintiff Peter Crooker and Defendant National Railroad Passenger Corporation a/k/a Amtrak, hereby submit the following Joint Statement pursuant to Local Rule 16.1(D) and Fed. R. Civ. P. 26(f).

## JOINT DISCOVERY PLAN

I.    **BACKGROUND**

    A.    **Plaintiff**

This is an action brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. §§51, *et seq.*, and the Locomotive Boiler Inspection Act, 49 U.S.C.A. §§ 20702, *et seq.*, for serious injuries sustained by Mr. Crooker on January 29, 2003. On that date, Mr. Crooker, in the course of his employment as an Amtrak engineer, was injured when exiting a locomotive engine at South Station in Boston. The locomotive was dangerous and defective in that, *inter alia*, the door failed to open all the way and there was no padding on top of the doorway, causing Mr. Crooker to strike his head on the doorway,

and to suffer neck and back injuries, including C7-T1 disc herniation, C3-4 disc bulge, and C6-7 radiculopathy, manifesting in neck pain, spasm and decreased range of motion, together with right upper extremity parasthesias.

### B. Defendant

The defendant Amtrak denies that it created or maintained a dangerous and defective work place. Amtrak expects the evidence to show that it was not negligent in the maintenance of its work place. Rather, the evidence will show that it was the plaintiff's own comparative negligence that caused his alleged injuries. Further, Amtrak expects the evidence to show that the plaintiff did not seek medical attention for his injuries until at least two (2) weeks after the incident and that he did not make a formal notification to Amtrak for injuries until approximately four (4) weeks after the incident.

## II. DOCUMENT DISCOVERY

The parties will complete basic document discovery sufficient to enable them to commence taking depositions by **July 1, 2005**. Any necessary motions to compel production of documents will be filed promptly. The parties may serve further requests for documents, as needed, for thirty days following any and all depositions. The parties may also seek discovery of documents in the possession of third parties by initiating such requests prior to July 30, 2005 and/or thirty days following their deposition.

## III. DEPOSITIONS

The parties will complete depositions of the parties and/or representatives by **October 30, 2005** and non-party witnesses by **November 30, 2005**. Each party may notice up to 10 depositions as set forth in Local Rule 26.1 (c), without obtaining leave of

the Court. Expert witnesses will not be deposed until the depositions of fact witnesses have been completed.

### IV. EXCHANGE OF WITNESS LISTS

The parties will exchange lists of fact witnesses who may be called at trial by **October 30, 2005**. Either party may make additions thereafter upon showing good cause.

The parties will each disclose the names of their experts by **November 1, 2005**. Expert witness reports will be exchanged by the parties on or before **December 1, 2005**. Either party may depose the other party's experts. Expert depositions will be completed by **December 30, 2005**.

### V. MOTIONS SCHEDULE

The parties may file dispositive motions at any time but must seek, and receive, leave of Court after **December 15, 2005**.

### VI. PRE-TRIAL CONFERENCE

The parties anticipate that a final pre-trial conference would be scheduled by the Court for a date in **January, 2006**.

### CERTIFICATION

The certifications required by Local Rule 18.1 (D) (3) are annexed hereto.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER CROOKER, | : |
| Plaintiff, | : Civil Action No:05-10301RCL |
| v. | : |
| NATIONAL RAILROAD PASSENGER PASSENGER CORPORATION, a/k/a AMTRAK, | : |
| Defendant. | : |

## CERTIFICATION

Plaintiff Peter Crooker and his counsel hereby certify that they have conferred:

(a) with a view toward establishing a budget for the costs of conducting this litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as this outlined in Local Rule 16.4

4/27/05        BY: _____
               MARJO BOZZA, ESQUIRE
               BBO:# 052860
               63 Commercial Wharf
               Boston, MA 02110

OF COUNSEL:

William L. Myers, Esquire
MYERS LAFFERTY LAW OFFICES, P.C.
1515 Market Street, Suite 1310
Philadelphia, PA 19102

Attorneys for Plaintiff Peter Crooker